UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

EDWARD VINCENT JENNINGS, JR., )
 )
  Plaintiff, )
 )
  v. )  Case No. 3:25-cv-30144-CLM
 )
CAPTAIN MORTY, et al., )
 )
  Defendants. )

<u>ORDER FOR REASSIGNMENT AND</u>
<u>REPORT AND RECOMMENDATION OF DISMISSAL</u>

MORGAN, U.S.M.J.

*Pro se* plaintiff Edward Vincent Jennings, Jr. ("Plaintiff"), who is incarcerated, brings this action concerning the conditions of his confinement at the Berkshire County House of Correction ("BCHC"). For the reasons stated below, the Court ORDERS that this action be reassigned to a District Judge and RECOMMENDS that the District Judge dismiss this action for failure to state a claim upon which relief may be granted.

## I. Order for Reassignment to a District Judge

Pursuant to the General Orders of this court, a case may be randomly assigned, at the time of filing, to a Magistrate Judge. However, absent the parties' consent to the final assignment of a case to a Magistrate Judge, the Magistrate Judge is without jurisdiction to involuntarily dismiss an action. *See* 28 U.S.C. § 636(b)(1)(A).

This action was drawn to Magistrate Judge Katherine A. Robertson pursuant to the Court's General Orders and reassigned to the undersigned Magistrate Judge.

As set forth below, the Court concludes that this action is subject to dismissal. Because the parties have not consented to the final assignment of this case to a Magistrate Judge, the Court orders that this action be reassigned to a District Judge.

## II.    Recommendation of Dismissal

### A.    Background

#### 1.    Original Complaint

Plaintiff brings this action against eight individuals employed at BCHC, stating that the purpose of this lawsuit is to address discrimination with regard to his prison employment, "un-equal treatment" for "medical purposes," and "[n]o compensation for the loss of [his] personal property which damaged [his] civil action fees." Dkt. No. 1, at 8. The complaint contains six hand-written pages of allegations, and the meaning of some of the allegations are difficult to understand. Plaintiff also filed a motion for leave to proceed *in forma pauperis*.

On December 24, 2025, Magistrate Judge Robertson issued an order granting Plaintiff's *in forma pauperis* motion, and, after conducting an initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e), 1915A, concluded that the complaint failed to state a claim upon which relief could be granted because it did not provide the defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). *See* Dkt. No. 9, at 3. The Court directed Plaintiff to file an amended complaint if he wished to proceed with this action:

> If Plaintiff wishes to pursue this action, he must file an amended complaint that contains a "short and plain statement" of his claim, and his factual allegations, treated as true, must show that he is entitled to relief from each defendant.  In determining whether the amended complaint provides a defendant adequate notice of Plaintiff's claim and shows that Plaintiff is entitled to relief, the Court will only consider "well-pleaded" factual allegations.  In other words, allegations that consist merely of "labels and conclusions" are not credited.  *Twombly*, 550 U.S. at 555.  Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679.

*Id.* at 3. The Court stated that failure to file an amended complaint in accordance with these instructions within thirty-five days could result in dismissal of this action by a District Judge. *Id.*

### 2.    Plaintiff's Response

On February 4, 2026, Plaintiff filed an untitled nine-page document (Dkt. No. 14). Although Plaintiff wrote at the top of the first page "Defendant LT Sanchez Now Capt Sanchez," Plaintiff's new filing does not clearly identify any individual as a defendant or otherwise include any indicia reflecting that it is a complaint. The first page is typed and contains line and paragraph breaks, but the remaining eight pages are a single paragraph. Although there are references to violations of the Eighth Amendment, (Dkt. No. 14, at 9), and actions by correctional officers, the allegations are disjointed and wandering. Overall, there is a lack of coherence, and the Court cannot discern who the defendants might be and the alleged misconduct for which Plaintiff seeks them liable.

**B.      Discussion**

Similar to the original complaint, Plaintiff's February 4, 2026 filing does not meet the basic requirement of Federal Rule of Civil Procedure 8(a)(2) that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2). As noted, the document does not clearly identify who the defendants are and what each person allegedly did to violate Plaintiff's rights.

"Dismissal [for noncompliance with Rule 8] is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Miranda v. United States*, 105 F. App'x 280, 281 (1st Cir. 2004) (alteration in original) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)). Plaintiff's response to the Court's order to file an amended complaint falls within this category. *See also Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) (stating that "where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy"). For that reason, the Court RECOMMENDS that this action be dismissed for failure to state a claim upon which relief may be granted.

**III.    Conclusion**

For the foregoing reasons, the Court ORDERS that this action be reassigned to a District Judge and RECOMMENDS to the District Judge that this action be

dismissed for failure to state a claim upon which relief may be granted.[1]

      SO ORDERED.

/s/ Christopher L. Morgan
CHRISTOPHER L. MORGAN
United States Magistrate Judge

DATED:  May 5, 2026

---

[1]     The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court within fourteen (14) days of service of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.